Ex parte LEE SHER WING.

(District Court, N. D. California.  October 19, 1908.)

ALIENS (§ 23*)—CONSTRUCTION OF IMMIGRATION ACT—CHINESE—EXCLUSION BE-
CAUSE OF DISEASE.

The provisions of Immigration Act Feb. 20, 1907, c. 1134, 34 Stat. 898
(U. S. Comp. St. Supp. 1907, p. 391), excluding alien immigrants afflicted
with certain diseases, etc., are applicable to Chinese immigrants other-
wise entitled to admission.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 23.*]

Habeas Corpus.  On demurrer to petition.

McGowan & Worley and J. J. Dunne, for petitioner.

R. T. Devlin, U. S. Atty., and A. P. Black, Asst. U. S. Atty., for
respondent.

DE HAVEN, District Judge  This proceeding is one which arises
upon a petition filed in this court by Lee Yuen, a Chinese merchant
domiciled in the city of San Francisco, state of California.  The peti-
tion is filed on behalf of his minor son Lee Sher Wing, and alleges
that said minor is unlawfully restrained of his liberty, and prays for
the issuance of a writ of habeas corpus for the purpose of releasing
him from such imprisonment.  The petition alleges that Lee Sher
Wing is a subject of the Emperor of China, 14 years of age, and that
he is desirous of joining the petitioner and remaining with him as a
resident of the United States; that the cause of the imprisonment and
restraint of said minor is "that the board of immigration inspectors
of the United States at the port of San Francisco have ordered
said Lee Sher Wing to be deported from such port to the Empire of
China, and that such imprisonment and restraint are for the purpose
of such deportation; that the alleged (reason for such?) deporta-
tion, as your petitioner is informed and verily believes, is that said
Lee Sher Wing is suffering from a contagious disease known as 'tra-
choma.' "  It is further alleged that said minor, "at the time of the
making of the order of deportation hereinbefore referred to, was not,
and is not, suffering with a contagious disease known as 'trachoma,'
or any other disease at all."

Upon the filing of the petition the court made an order directing the
respondent to show cause why the writ should not issue as prayed for.
The respondent appeared in response to said order, and demurred to
the petition upon the ground that it does not state facts sufficient to
entitle the petitioner to the issuance of the writ prayed for, and upon
the further ground—

"that it affirmatively appears from the face of the said petition that the law-
fully constituted authorities of the United States, in the lawful exercise of
their duty and authority, and after an examination of the said Lee Sher Wing,
have found that he was, at the time of the examination, and is now, a person
suffering from a dangerous and contagious disease of the eyes, known as
'trachoma.' "

1. Section 2 of the act of Congress entitled "An act to regulate the
immigration of aliens into the United States," approved February 20,

1907 (34 Stat. 898, c. 1134 [U. S. Comp. St. Supp. 1907, p. 391]), provides that certain classes of persons, including persons "afflicted with tuberculosis or with a loathsome or dangerous and contagious disease," shall be excluded from admission into the United States. The act provides for a physical examination of all aliens at ports of the United States by medical officers of the United States Public Health and Marine Hospital Service, and also for the appointment of boards of special inquiry to determine whether or not any alien belongs to either of the excluded classes; and section 10, of the act provides that the decision of the board of inquiry—

"based upon the certificate of the examining medical officer, shall be final as to the rejection of aliens affected with tuberculosis or with a loathsome or a dangerous contagious disease, or with any mental or physical disability which would bring such aliens within any of the classes excluded from admission to the United States under section 2 of this act."

As before stated, it appears from the petition for the writ that Lee Sher Wing is an alien immigrant and a subject of the Empire of China, and that his right to enter the United States has been denied upon the ground that he is suffering from a contagious disease of the eyes known as "trachoma."

But the petitioner contends that the act of Congress, above referred to, is not applicable to Chinese persons, and for that reason it is claimed that the immigration officers at the port of San Francisco had no jurisdiction to make any inquiry in relation to the health of Lee Sher Wing, or to make the order denying his right to enter the United States upon the ground that he is suffering with a contagious disease. This contention is based upon section 43 of the act above referred to, which declares:

"Sec. 43. That the act of March third, nineteen hundred and three, being an act to regulate the immigration of aliens into the United States, except section thirty-four thereof, and the act of March 22, 1904, being an act to extend the exemption from head tax to citizens of Newfoundland entering the United States, and all acts and parts of acts inconsistent with this act are hereby repealed: Provided, that this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent. * * *"

A Chinese merchant is entitled to admission into the United States under the Chinese exclusion laws, and his minor child has the right also to enter by virtue of its relationship to the father, whether it accompanies him, or seeks to enter after the father has become domiciled in the United States. U. S. v. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544. There is no provision in these laws to the effect that a Chinese merchant or a member of his family shall be denied admission into this country if suffering from a loathsome or dangerous contagious disease, and counsel for petitioner argues from this that to hold that Act Feb. 20, 1907, c. 1134, 34 Stat. 898, above referred to, is applicable to Chinese, would give to it the effect of altering or amending the Chinese exclusion laws by depriving a class of Chinese, not excluded by those laws, to wit, Chinese merchants afflicted with a loathsome and dangerous contagious disease and members of their families so afflicted, of the right to enter the United

States; and it is contended that in view of the proviso above quoted such construction of the statute is not permissible.

It must be conceded that, if the proviso is to receive a literal interpretation, the contention of the petitioner would be well founded. But when it is considered that the object of the statute is to exclude from the United States certain classes of undesirable alien immigrants, and, among others, alien immigrants suffering from a loathsome or contagious disease, whose presence would endanger the public health, it is at once seen that to permit Chinese persons suffering from such diseases, to enter the United States, would in a measure defeat the primary intention of the statute, and therefore such a construction of the proviso as is contended for by the petitioner is to be avoided. "It is a well-settled rule in the interpretation of statutes that the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity." Kelley v. Gage County, 67 Neb. 6, 93 N. W. 194, 99 N. W. 524. "Nothing is better settled," says the Supreme Court, "than that statutes should receive a sensible construction such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust and absurd conclusion." Lau Ow Bew v. U. S., 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340; U. S. v. Gue Lim, 176 U. S. 459–467, 20 Sup. Ct. 415, 44 L. Ed. 544.

Section 36 of the act to regulate the immigration of aliens into the United States, approved March 3, 1903 (32 Stat. 1221, c. 1012), contains a proviso similar to that which is relied upon by the petitioner here, and the question of the effect of such proviso upon the Chinese exclusion laws was fully considered by Attorney General Knox in an opinion reported in 24 Opinions of Attorney General, p. 706. In that opinion he said:

"There is nothing in the laws specially relating to the immigration of Chinese persons providing for the exclusion of a merchant or member of any other excepted class, although he may be suffering from a loathsome or dangerous contagious disease; and, unless the act now under consideration is applicable to him, such person may enter the United States with impunity, and the public must suffer the consequences. I can see no valid reason for concluding that the Congress intended, by the proviso in question, to imperil the public safety by allowing a diseased person, because of his Chinese descent, to enter, when the very law in which this proviso appears has, as one of its special purposes, the further and more affective protection of the public from the evil consequences to be expected as a result of the presence of one so afflicted, and to this end prescribe his exclusion."

And he added:

"To admit a Chinaman known to be suffering from a contagious disease, when another alien not so descended would be excluded because afflicted with the same disease, would to that extent defeat the legislative intent made clear by the terms of the act and apparently lead to unjust and unexpected results."

And his conclusion was that the proviso was not intended to entirely prohibit the application of the act to persons of Chinese descent; that its object—

"was to prevent a misinterpretation of the repealing clause in the same section, and to forestall any attempt to secure admission to Chinese theretofore prohibited from entering the United States under a claim that this act alone

was intended to contain all provisions regulating the immigration of all aliens, and expressly repealed all laws in conflict therewith—the Chinese exclusion laws among them."

In my opinion the same construction is to be given to the proviso under consideration here.

The demurrer to the petition is sustained, and the application for the writ of habeas corpus denied.