WONG YOU et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 328.

1. STATUTES (§ 162*)—REPEAL—IMPLIED REPEAL OF PARTICULAR ACT BY GENERAL STATUTE.

A later general statute, which in its most comprehensive sense would include that which is embraced in an earlier particular enactment, does not, as a general rule, repeal the latter, but applies only to such cases within its general language as are not within the provisions of the particular act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 235; Dec. Dig. § 162.*

Repeal of statutes by implication, see note to First Nat. Bank v. Weidenbeck, 38 C. C. A. 136.]

2. ALIENS (§ 21*)—DEPORTATION OF CHINESE LABORERS—STATUTE GOVERNING.

Immigration Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904, 905 (U. S. Comp. St. Supp. 1909, p. 459), providing for the deportation of aliens found to be unlawfully in the country, does not affect the previous special provisions of Chinese Exclusion Act Sept. 13, 1888, c. 1015, §§ 7, 13, 25 Stat. 477, 479 (U. S. Comp. St. 1901, pp. 1314, 1317), for deporting Chinese laborers, especially since section 43 of the immigration act provides that the act should not affect existing laws relating to Chinese exclusion, and the Chinese exclusion act furnishes an exclusive remedy for deporting Chinese laborers.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 21.*]

Appeal from the District Court of the United States for the Northern District of New York.

Petition by Wong You and others for a writ of habeas corpus. From orders of the District Court (176 Fed. 933) dismissing the writs and remanding petitioners, they appeal. Reversed and remanded.

Appeal from orders dismissing writs of habeas corpus and remanding the petitioners, Wong You, Wong Chun, Hom Chee, Wong Yip, and Ju Fong. The petitioners are Chinese persons, who in October and November, 1909, were taken into custody under warrants issued by the Department of Commerce and Labor charging them with being aliens unlawfully in the United States, in that they entered in violation of the provisions of the immigration act of February 20, 1907. The petitioners were given hearings before the Chinese and immigrant inspector at Malone, N. Y., and that official reported that they were alien subjects of China who had entered the United States surreptitiously, without examination under the immigration laws, at places not designated as ports of entry under such laws, and that they were in the United States in violation of law.

Upon the report of the inspector the Acting Secretary of Commerce and Labor, after finding that all the petitioners, with the exception of the petitioner Hom Chee, were in the United States in violation of said immigration act, in that they entered without inspection and that three years after their entering had not elapsed, ordered their deportation to China, and issued warrants of deportation. The Secretary of Commerce and Labor has not yet

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

determined the status of the petitioner Hom Chee, and he is still held under the departmental warrant of arrest. The other petitioners are held under the warrants of deportation. It appeared with sufficient clearness at the hearing before the inspector that the petitioners were laborers. Four of them were laundrymen, and the fifth had previously been excluded from admission to this country.

The especially relevant provisions of the statutes relating to the admission and exclusion of Chinese and of the immigration act of 1907 are printed in the footnote. [1]

R. M. Moore and B. W. Berry, for appellants.

Harry E. Owen, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). "Generalia specialibus non derogant" is an elementary rule governing the interpretation of statutes. A later general statute, which in its most comprehensive sense would include that which is embraced in an earlier particular enactment, does not, as a general rule, repeal the latter, but applies only to such cases within its general language as are not

[1] The Chinese exclusion law (Act May 6, 1882, c. 126, 22 Stat. p. 58 [U. S. Comp. St. 1901, p. 1305] as extended by Act April 29, 1902, c. 641, 32 Stat. 176 [U. S. Comp. St. Supp. 1909, p. 473] and Act April 27, 1904, e. 1630, 33 Stat 428 [U. S. Comp. St. Supp. 1909, p. 473]) provides that: " * * * It shall not be lawful for any Chinese laborer to come from any foreign port or place, or having so come to remain in the United States."

Section 12 of said act as amended in 1884 (Act July 5, 1884, c. 220, 23 Stat. 115 [U. S. Comp. St. 1901, p. 1305]) provides: "That no Chinese person shall be permitted to enter the United States by land without producing to the proper Chinese inspector the certificate in this act required of Chinese persons seeking to land from a vessel. And any Chinese person found unlawfully within the United States shall be caused to be removed therefrom to the country from whence he came, and at the cost of the United States, after being brought before some justice, judge, or commissioner of a court of the United States and found to be one not lawfully entitled to be or to remain in the United States. * * *"

Section 7 of the Chinese act of 1888 (Act Sept. 13, 1888, c. 1015, 25 Stat. 477 [U. S. Comp. St. 1901, p. 1314]) provides: "And no Chinese laborer shall be permitted to re-enter the United States without producing to the proper officer in charge at the port of such entry the return certificate herein required. A Chinese laborer possessing a certificate under this section shall be admitted to the United States only at the port from which he departed therefrom, and no Chinese person, except Chinese diplomatic or consular officers, and their attendants, shall be permitted to enter the United States except at the ports of San Francisco, Portland, Oregon, Boston, New York, New Orleans, Port Townsend, or such other ports as may be designated by the Secretary of Commerce and Labor."

Section 13 of said act of 1888 provides: "That any Chinese person, or person of Chinese descent, found unlawfully in the United States, or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court returnable before any justice, judge or commissioner of a United States court or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came."

Section 20 of the immigration act of 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 904 [U. S. Comp. St. Supp. 1909, p. 459]) provides: "That any alien who shall enter the United States in violation of law, and such as become public charges from causes existing prior to landing, shall, upon the warrant of the Secretary of Commerce and Labor, be taken into custody and deported to the country whence he came at any time within three years after the date of his entry into the United States."

Section 21 of the act provides: "That in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any laws of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came, as provided by section twenty of this act, and a failure or refusal on the part of the masters, agents, owners, or consignees of vessels to comply with the order of the Secretary of Commerce and Labor to take on board, guard safely, and return to the country whence he came any alien ordered to be deported under the provisions of this act shall be punished by the imposition of the penalties prescribed in section nineteen of this act."

Section 43 of said act is in part as follows: "That this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent."

within the provisions of the particular act. "The general statute is read as silently excluding from its operation the cases which have been provided for by the special one." Endlich on the Interpretation of Statutes, § 223.

The application of this rule of interpretation is decisive of the present case. The Chinese exclusion acts deal with the removal of Chinese laborers unlawfully in this country and prescribe the procedure to be followed in deporting them. These statutes constitute comprehensive particular legislation with respect to that subject. It follows, then, under the rule of interpretation, that the immigration act—the later general statute—although in its terms including all aliens, applies only to those Chinese aliens who are not subject to removal by the particular Chinese enactments. And this is a case especially for the application of the rule, because the immigration act expressly provides that it shall not be construed as repealing, altering, or amending the existing laws relating to the exclusion of Chinese persons.

It appears from the meager record that these petitioners are Chinese laborers and—if the government's contentions be well founded—that they are aliens and subject to deportation in accordance with the provisions of the statutes relating to the Chinese. As we understand it, the government contends that the petitioners may be deported under either the Chinese act or the immigration act, not that the former is inapplicable.

If this contention of the government be well founded, we have two statutes in force prescribing different methods of procedure for the deportation of alien Chinese laborers. And the immigration act—if the government choose to act under it—would supersede the Chinese statute, because it is evident that no alien Chinese laborer could come into this country unless he enter surreptitiously and without inspection. But any such interpretation of the statutes would conflict with the rule which we have considered, under which both statutes do not apply to the same thing, but the later applies to those cases within its general language not within the provisions of the earlier; that is, as already pointed out, the Chinese statutes prescribe the procedure to be followed in removing alien Chinese laborers, while the immigration act states the procedure for the deportation of all other aliens unlawfully in this country including Chinese other than laborers. We think that these petitioners, being subject to removal according to the provisions of the Chinese exclusion laws, are not subject to removal in accordance with the procedure of the immigration act.

This conclusion makes no distinction in favor of the Chinese. Chinese laborers are excluded by the Chinese act. All other Chinese persons, not being excluded by that act, are subject to the provisions of the immigration act. A Chinese laborer, with or without a loathsome disease, cannot enter at all. The Chinese act governs the case. A Chinese merchant would not be excluded by that act, but would be excluded by the immigration act if he had a loathsome disease or other disability prescribed in such enactment.

We fully approve the decision in Ex parte Lee Sher Wing (D. C.)

164 Fed. 506, that the provisions of the immigration act excluding alien immigrants afflicted with certain diseases, etc., are applicable to Chinese immigrants otherwise entitled to admission. The distinction upon which the application of that act depends lies in the difference in Chinese persons; between those who are, and those who are not, subject to the Chinese exclusion laws. And we find no case in which the conclusions, as distinguished, perhaps, from general references to Chinese persons in the opinions, are inconsistent with this distinction.

For these reasons, we hold that, as these petitioners appear to be subject to deportation in accordance with the enactments particularly relating to Chinese, they are not subject to removal under the provisions of the immigration act, and consequently are unlawfully held by process—either of arrest or deportation—issued under such act. If, however, proceedings should be instituted under the Chinese statutes, and it should be made to appear that the petitioners are not subject to deportation thereunder, this opinion and the discharge of the petitioners in the present proceeding will not prejudice the institution of another proceeding under the immigration act.

The orders of the District Court are reversed, and the causes remanded, with instructions to enter orders in due form discharging the petitioners from custody.