UNITED STATES ex rel. TOY GWOK CHEE v. PRENTIS et al.

(Circuit Court of Appeals, Seventh Circuit.   October 1, 1912.)

No. 1,797.

1. HABEAS CORPUS (§ 23*)—CHINESE PERSONS—DEPORTATION—HEARING.

A Chinese person will not be released on habeas corpus from a deportation warrant, except for failure or denial of the administrative hearing provided for by the immigration act.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

2. ALIENS (§ 21*)—CHINESE LABORERS—DEPORTATION—IMMIGRATION ACT.

Immigration Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904, 905 (U. S. Comp. St. Supp. 1911, p. 511), providing for the deportation of aliens found unlawfully in the country, is applicable to Chinese persons.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 74; Dec. Dig. § 21.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis and George A. Carpenter, Judges.

Habeas corpus by the United States, on the relation of Toy Gwok Chee, to secure relator's release from the custody of P. L. Prentis and another under a deportation warrant. From an order denying the writ and remanding relator to custody, "to be dealt with in accordance with the law," relator appeals. Affirmed.

This appeal is from an order of the District Court which denies the application of the relator, Toy Gwok Chee, for a writ of habeas corpus, and remands him to the custody of the appellees, "to be dealt with in accordance with the law." The proceedings, under which the relator was in custody, were for deportation to China

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
202 F.—5

and a warrant therefore issued by the acting Secretary of Commerce and Labor, and hearing in the District Court was upon the petition (as amended), return on the part of the respondent, and exhibits therewith; no oral testimony being offered.

Benjamin C. Bachrach, of Chicago, Ill., for appellant.

James H. Wilkerson and John F. Voigt, both of Chicago, Ill., for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge. [1] The order of the District Court, denying the appellant's petition for a writ of habeas corpus, is in accord, as we believe, with the established rule in reference to like cases of application for release from deportation orders of the executive departments, issued pursuant to acts of Congress. In recent opinions of this court, the jurisdictional test thereunder has been considered and applied, with review of the leading authorities, and further discussion or citations in support of their doctrine is not needful—namely, that judicial intervention for disturbance of such orders is unauthorized, "except for failure or denial of the administrative hearing intended by the act.".

[2] The fact of complete hearings in the proceedings instituted by the department is established, and the questions raised, in reference to the sufficiency and competency (at common law) of evidence there adduced, are not reviewable subject-matter. It is contended, however, that the Immigration Act of February 20, 1907—under which the proceedings and order occurred—is not applicable to Chinese persons, and the opinion of the Circuit Court of Appeals for the Second Circuit, in Wong You v. United States, 181 Fed. 313, 104 C. C. A. 535, is cited in support thereof. But the ruling referred to was reversed on appeal to the Supreme Court, in an opinion handed down January 22, 1912, holding such act to be applicable as well for deportation of Chinese persons.

The order appealed from is affirmed.