FRICK, Immigration Inspector, v. LEE TUNG JUNG et al.

SAME v. MOCK BEN YIN et al.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1913.)

Nos. 2,303, 2,304.

HABEAS CORPUS (§ 113*)—APPEAL AND ERROR—DISPOSITION OF CAUSE.
    Where Chinese persons, arrested for being unlawfully within the United States, were conditionally discharged on habeas corpus, under recognizance, to await the mandate of the appellate court, on the sole ground that the act proceeded under was not applicable to the case, the appellate court, on reversal, is without authority to order their deportation, and can only remand the case to the court below, to be disposed of on the merits.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

In Error to the District Court of the United States for the Eastern District of Michigan; Alexis C. Angell, Judge.

Habeas corpus proceedings by Lee Tung Jung and Louie Ning and by Mock Ben Ying and Dung Foo against G. Oliver Frick, Immigration Inspector. From an order of conditional discharge, respondent brings error. Reversed.

Arthur J. Tuttle, U. S. Atty., and J. E. Bland, both of Detroit, Mich., for appellant.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. These cases are here on error and they present facts of such similarity that the opinions of the court below are in all material respects identical. The cases were both disposed of in October, 1911. The appellees, who are alleged to be Chinese laborers, were held by the immigration officers under warrants of deportation signed by the acting Secretary of the Department of Commerce and Labor. Those instruments each in substance recited that upon hearing these men were respectively found in the United States in violation of the act of Congress approved February 20, 1907 (34 Stat. L. 898, 908, c. 1134, § 36 [U. S. Comp. St. Supp. 1911, p. 518]), to wit, that they were aliens and members of the excluded classes, because at the time they respectively entered the United States they were likely to become public charges, and that they were unlawfully within the United States, in that they entered without inspection, and such warrants each directed deportation.

Writs of habeas corpus were sued out in the court below, under which appellees were conditionally discharged until after the mandate of this court should be filed, each being under recognizance. In so holding, the court below passed upon the single question whether Chinese laborers might be proceeded against under the Act of 1907, following the decision of the Circuit Court of Appeals of the Second Circuit in Wong You v. United States, 181 Fed. 313, 104 C. C. A. 535. That case, then pending in the Supreme Court, has since been reversed (United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354), and the decision rules the present cases; but we are asked to remand the appellees to the custody of the appellant for deportation. No precedent is cited, and we have not discovered any, that would sanction such a course. No briefs have been filed and no counsel have appeared for appellees in this court. Evidently the appellees have relied on the action of the Supreme Court in the Wong You Case. The cases have not been heard on their merits, and we cannot deprive appellees of this right.[1]

The judgments are accordingly reversed, and the causes remanded.

[1] This question does not appear to have been presented in Billings, U. S. Com'r of Immigration, v. Ham, 202 Fed. 914 (C. C. A. 1st Cir.).