THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY JAFFE, Plaintiff, *v.* EDGAR S. JENNINGS, as Warden of Auburn Prison, Defendant.

County Court, Cayuga County, January 31, 1928.

Crimes — false financial statement — Penal Law, § 1293-b (as amd. by Laws of 1921, chap. 306), making offense misdemeanor, punishable by imprisonment for not more than one year, repealed section 1290, which placed offense within definition of larceny, punishable by imprisonment in State prison — relator pleaded guilty and was sentenced to State prison for not less than two and one-half and not more than five years — court had no jurisdiction to sentence relator to State prison or to imprisonment for more than one year — habeas corpus — relator is entitled to be discharged.

Section 1293 of the Penal Law (as amd. by Laws of 1921, chap. 306), which makes the offense of intentionally filing and furnishing a false financial statement to obtain credit and money thereon a misdemeanor, punishable by imprisonment for not more than one year, repealed section 1290 of the Penal Law which placed the offense within the definition of larceny punishable by imprisonment in a State prison.

Accordingly, the court had no jurisdiction to sentence relator, who pleaded guilty to an indictment charging the filing and furnishing of a false financial statement to obtain credit and money thereon, to a State prison for not less than two and one-half or more than five years or to imprisonment for more than one year, and had he been sentenced to a penitentiary or a county jail and due allowance made for good behavior the maximum imprisonment provided for under section 1937 of the Penal Law would now have expired; therefore, this habeas corpus writ should be sustained and the relator discharged.

PROCEEDINGS upon a writ of habeas corpus.

*Harry Jaffe,* relator, in person [*James C. Moore* of counsel], for Charles E. Doane.

*Walter F. Hofheims, Assistant District Attorney,* and *Albert Ottinger, Attorney-General* [*Edward J. Grogan, Jr.,* of counsel], for the defendant.

MOSHER, J.   The relator was charged with grand larceny in the first degree in an indictment setting forth in substance that he filed with the Marine Trust Company of Buffalo, N. Y., with intent to deprive it of its money and personal property, a false written financial statement, with knowledge of its falsity and intent that it be relied upon, which said trust company believed, and loaned relator's firm the sum of $10,302.25.   He pleaded not guilty, and then withdrew that plea and pleaded guilty to grand larceny, second degree, and on the 25th of March, 1927, was sentenced to be imprisoned at hard labor in the Auburn State Prison for not less than two and a half years and not more than five years.

Prior to chapter 340 of the Laws of 1912, as amended by chapter 306 of the Laws of 1921, the offense of which the relator was accused would have come within the definition of larceny in subdivision 1 of section 1290 of the Penal Law, and the degrees of larceny and punishment for felony would have followed automatically, but the Legislature changed this by section 1293-b of the Penal Law, so that the relator still committed the offense of larceny as defined in that section and in section 1290, but the degree of the larceny was changed to a misdemeanor, suspending the automatic operation of the law of degree, and substituting in its place this specific offense charged.

The Legislature never intended that he could be convicted both of a felony and a misdemeanor on the same state of facts, nor that he could be punished twice for the same offense (*Snitkin* v. *U. S.*, 265 Fed. 489; *Haywood* v. *U. S.*, 268 id. 795), and when it appears that a defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only. (Code Crim. Proc. § 390.) Provisions of criminal statutes are construed strictly against the accused and favorably and equitably for him. (2 Lewis' Suth. Stat. Const. [2d ed.] § 337 and cases cited.)

Section 1290 of the Penal Law merely defines larceny, and the different degrees are fixed by subsequent sections and amendments of article 122.

This interpretation, suspending automatic operation of the law of degrees of the offense, gives full force and due effect to all provisions of article 122, without conflict.

Otherwise, sections 1290 and 1293-b of the Penal Law are in conflict and repugnant to each other as they cover the same offense but fix different degrees and punishment for the same state of facts, and the former must give way to the latter which is a subsequent and controlling expression of the legislative will, wherein the offense is specifically described with greater detail and particularity.

The canon of construction " *generalia specialibus non derogant* " is, therefore, applicable, that in the case of inconsistency between a general and a particular statute, the latter governs. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one. (Endlich Interp. Stat. § 223; *Wong You* v. *U. S.*, 181 Fed. 313, 315.)

This canon of construction applies to legislation respecting a *genus* followed in the same or subsequent act with legislation dealing particularly with a *species* of the genus. (*Snitkin* v. *U. S.*, *supra;* *Rodgers* v. *U. S.*, 185 U. S. 83.)

Where a new law covers the whole subject-matter of an old one, adds new offenses and prescribes different penalties, such former law is repealed by implication, without any repealing clause. (*Wong You* v. *U. S., supra; Mongeon* v. *People*, 55 N. Y. 613; *Norris* v. *Crocker*, 13 How. [U. S.] 429; *U. S.* v. *Claflin*, 97 U. S. 546; *Henrietta Mining & Milling Co.* v. *Gardner*, 173 id. 123; *Haywood* v. *U. S., supra*, 799; *U. S.* v. *Yuginovich*, 256 U. S. 450; *U. S.* v. *Tynen*, 11 Wall. 88; 20 L. Ed. 153; *Curione* v. *U. S.*, 11 F. [2d] 471; *Heckmann* v. *Pinkney*, 81 N. Y. 211; 1 Lewis' Suth. Stat. Const. [2d ed.] § 239 *et seq.; Pierce* v. *Delamater*, 1 N. Y. 17; *People ex rel. Kingsland* v. *Palmer*, 52 id. 83; *Lyddy* v. *Long Island City*, 104 id. 218; 36 Cyc. 1073–1079.)

Where the provisions of a statute cannot have their full force and effect without the repeal of a former statute, such former statute must be deemed repealed by implication. (*Matter of Washington St. A. & P. R. R. Co.*, 115 N. Y. 442.)

Thus it would appear that article 122 of the Penal Law contains first a general definition of larceny followed by degrees automatic in their effect, then special definitions to make the general definition more comprehensive in detail, to some of which the degree of the offense automatically follows and to some of which the degree is specifically fixed, including section 1293-b, herein involved, which makes this offense a misdemeanor, punishable by imprisonment for not more than one year, or that said section repeals section 1290, *pro tanto*, and is in either event the only law pursuant to which the relator might have been indicted, convicted and sentenced for the acts complained of and must have been intended by the Legislature to be exclusive within the realm of its particular application, for the intentional filing and furnishing of a false financial statement to obtain credit, and money thereon, and the court had no jurisdiction to sentence the relator to a State prison at all, or to imprison him for more than one year.   (Penal Law, § 1937).

The jurisdiction of the court depends upon the indictment, and the relator's plea of guilty to grand larceny, second degree, conferred no jurisdiction upon the court beyond that warranted by the facts set forth in the indictment.

The presumption in favor of the jurisdiction of a court of general jurisdiction is not conclusive, but is one of fact, and may be rebutted. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559.)

No court is or can be competent to pronounce a sentence and give judgment in open and palpable violation of a positive statute, and a judgment thus given is simply void.   All punishments are prescribed by statute as well as to character as extent, and a sentence not conformable to law as not warranted by statute, or which is in

excess of the legal punishment, is *ultra vires*, and like every other act, whether judicial or ministerial, done without legal authority, is void. A sentence to imprisonment in the State prison for a misdemeanor would be void. A party held only by virtue of judgments thus pronounced, and, therefore, void for want of jurisdiction, or by reason of the excess of jurisdiction, is not put to his writ of error, but may be released by habeas corpus. (*People ex rel. Tweed* v. *Liscomb, supra.*)

Had the relator been sentenced to the penitentiary or county jail, and due allowance made for good behavior, which he has maintained in the State prison, the maximum imprisonment under section 193? of the Penal Law would have now expired, and the relator is entitle. to be discharged.

The writ is sustained and the relator discharged.   Submit order