# UNITED STATES *v.* WONG YOU.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 597. Argued January 12, 1912.—Decided January 22, 1912.

The Alien Immigration Act of February 20, 1907, c. 1134, § 36, 34 Stat. 898, 908, applies to Chinese laborers illegally coming to this country notwithstanding the special acts relating to the exclusion of Chinese.

To allow a subsequent general act its literal effect does not repeal, alter, or amend an earlier special law when the later law expressly provides that it shall not have that effect.

The omission from a later act of a clause contained in an earlier act on the same subject, excluding certain classes from its operation,

and inserting a provision applicable to such classes, signifies that Congress intended to include that class in the operation of the later act, notwithstanding the existence of other special legislation in regard thereto.

181 Fed. Rep. 313; 104 C. C. A. 535, reversed.

THE facts, which involve the construction of § 36 of the Alien Immigration Act of 1907 are stated in the opinion.

*Mr. Assistant Attorney General Harr* for the United States:

The application of the immigration laws to Chinese aliens is well settled. The immigration act of March 3, 1893, 27 Stat. 569, 571, provided: " That this act *shall not apply* to Chinese persons." But in the immigration act of March 3, 1903, 32 Stat. 1213, 1221, § 36, and in the act of February 20, 1907, 34 Stat. 898, 911, this clause was changed so as to read: " That this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent." This change indicates the intent of Congress that the immigration act should apply to Chinese aliens, although not affecting the operation of the exclusion laws, and such has been the practical and judicial construction of this legislation.

In the opinion rendered June 24, 1903, Attorney General Knox held that the Alien Immigration Act of March 3, 1903, authorized the exclusion of a Chinese alien afflicted with a dangerous and contagious disease. 24 Op. Atty. Gen. 706, 708.

This view has been uniformly followed by the executive department and the courts. *Ex parte Lee Shee Wing,* 164 Fed. Rep. 506; *Looe Shee* v. *North,* 170 Fed. Rep. 566; *Ex parte Li Dick,* 174 Fed. Rep; 674; *S. C.,* 176 Fed. Rep. 998; *Haw Moy* v. *North,* 183 Fed. Rep. 89.

No appearance for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of habeas corpus. It was dismissed by the District Court, 176 Fed. Rep. 933, but was sustained by the Circuit Court of Appeals, which ordered the parties concerned to be discharged from custody. 181 Fed. Rep. 313. 104 C. C. A. 535. The parties are Chinamen who entered the United States surreptitiously, in a manner prohibited by the immigration act of February 20, 1907, c. 1134, § 36, 34 Stat. 898, 908, and the rules made in pursuance of the same, if applicable to Chinese. They were arrested *in transitu* and ordered by the Secretary of Commerce and Labor to be deported. §§ 20, 21. But as it transpired in the evidence that they were laborers, the Circuit Court of Appeals held that they could be dealt with only under the Chinese exclusion acts of earlier date. Those acts make it unlawful for any Chinese laborer to come from any foreign place into the United States, or, having so come, to remain there, and provide a different procedure for removing them. Hence it was concluded that such persons were tacitly excepted from the general provisions of the immigration act, although broad enough to include them and although of later date.

We are of opinion that the Circuit Court of Appeals made a mistaken use of its principles of interpretation. By the language of the act any alien that enters the country unlawfully may be summarily deported by order of the Secretary of Commerce and Labor at any time within three years. It seems to us unwarranted to except the Chinese from this liability because there is an earlier more cumbrous proceeding which this partially overlaps. The existence of the earlier laws only indicates the special solicitude of the Government to limit the entrance of Chinese. It is the very reverse of a reason for denying to the Government a better remedy against them alone of all the world, now that one has been created in general terms.

To allow the immigration act its literal effect does not repeal, alter, or amend the laws relating to the Chinese, as it is provided that it shall not, in § 43. The present act does not contain the clause found in the previous immigration act of March 3, 1893, 27 Stat. 569, c. 206, that it shall not apply to Chinese persons, and, on the other hand, as it requires deportation to the trans-Pacific ports from which such aliens embarked for the United States, § 35, it is rather hard to say that it has not the Chinese specially in mind.

*Judgment reversed.*