## Ex parte LEE YING et al.

### (District Court, W. D. New York. June 22, 1915.)

1. ALIENS ⟜32—DEPORTATION OF CHINESE—IMMIGRATION ACT.

    Immigration Act Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (Comp. St. 1913, § 4270), relating to deportation of aliens found in the United States in violation of law, applies to Chinese laborers illegally entering the United States, notwithstanding special acts relating to the Chinese; hence, under a warrant charging that the Chinese persons were in the United States, and had entered in violation of Chinese Exclusion Act, May 5, 1892, c. 60, §§ 6, 7, 27 Stat. 25, 26 (Comp. St. 1913, §§ 4320, 4321), such persons may be deported under the Immigration Act.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟜32.]

2. ALIENS ⟜32—DEPORTATION OF CHINESE—PRESUMPTIONS.

    In a proceeding to deport a Chinese person, there is a natural presumption of alienage, and an unsupported claim that he was born in the United States will not establish citizenship.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟜32.]

In the matter of the petition of Lee Ying and Lee Quon for a writ of habeas corpus. Writ dismissed, and petitioners remanded.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Dilworth M. Silver, of Buffalo, N. Y., for petitioners.
Donald Bain, Asst. U. S. Atty., of Buffalo, N. Y., for respondent.

HAZEL, District Judge. [1] The record shows that the petitioners, who are Chinese laborers, were given a fair hearing by the immigration inspector after their arrest for having unlawfully entered the United States, and I discover no irregularity in the warrant of deportation. It was contended that the warrant was defective, in that it accused the petitioners with being unlawfully in the United States in violation of the Chinese Exclusion Act, and not the Immigration Act, and that the proceedings should have been conducted exclusively under the latter act; but I think the mere statement in the warrant that the petitioners were found within the United States in violation of section 6 of the Chinese Exclusion Act, and that they had entered the United States in violation of section 7 thereof, does not invalidate the warrant, nor deprive the Acting Secretary of Labor of his power and authority under section 21 of the Immigration Act to determine the right of the petitioners to remain in this country. Ex parte Lam Pui (D. C.) 217 Fed. 456. That such act applies to Chinese laborers illegally entering the United States, notwithstanding the special acts relating to the exclusion of Chinese, has been definitely decided by the Supreme Court of the United States in United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354.

[2] The claim of counsel, unsupported by any evidence, that petitioners were born in the United States, was totally insufficient to establish citizenship, or overcome the presumption that they were aliens, and the inspector had the right to ignore such claim. Lee Sim v. United States, 218 Fed. 432, —— C. C. A. ——.

The writ is dismissed, and the petitioners remanded.