### Ex parte WOO SHING.

(District Court, N. D. Ohio, E. D. September 16, 1915.)

#### No. 9165.

ALIENS ⟪⟫32—CHINESE PERSONS—DEPORTATION—PROCEDURE.

Under Immigration Act Feb. 20, 1907, c. 1134, § 43, 34 Stat. 911 (Comp. St. 1913, § 4289), providing that it shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent, proceedings for the deportation of Chinese persons on the ground that, within three years past, they had entered the United States in violation of the Chinese Exclusion Acts, may be had in accordance with Immigration Act, § 21 (Comp. St. 1913, § 4270), authorizing hearings before inspectors of the Department of Labor, and orders of deportation by the Acting Secretary thereof, any time within three years after the immigrant's last arrival, notwithstanding the Chinese Exclusion Act provides for arrest of Chinese persons upon warrants issued by any justice, judge, or commissioner of the United States court, for the Immigration Act is applicable to Chinese persons, and the simpler procedure therein prescribed may be followed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟪⟫32.]

Application by Woo Shing for writ of habeas corpus. Writ denied.

Marvin & Marvin, of Cleveland, Ohio, for petitioner.
E. S. Wertz, U. S. Atty., of Cleveland, Ohio, opposed.

CLARKE, District Judge. This proceeding brings up for consideration a writ of habeas corpus issued upon the application of Woo

Shing, a Chinese person, claiming that he is unlawfully deprived of his liberty by a government inspector in charge of the immigration department of the Cleveland, Ohio, district.

The petitioner was arrested on the 16th day of November, 1914, by virtue of a warrant issued by the Assistant Secretary of Labor, and such proceedings were had thereafter that on the 13th day of August, 1915, a warrant was issued by J. B. Densmore, Acting Secretary of Labor, commanding that the applicant be deported to China, his native country.

It is not necessary to consider the decisions limiting the authority of this court to deal with such decisions of the Secretary of Labor; but, notwithstanding the limited authority which the court has in this respect, I have gone carefully over the testimony, and am very clear that the finding by the inspector and the decision of the Secretary are both abundantly justified by the evidence.

The charge in the warrant for the arrest of the applicant is that he is subject to deportation under the provisions of the laws of the United States, to wit, the Chinese Exclusion Law, for the following, among other, reasons:

"That he has been found within the United States in violation of section 2 of the Chinese Exclusion Act of November 3, 1893, having secured admission by fraud, not having been at time of entry a lawfully domiciled exempt returning to resume a lawfully acquired domicile and to follow an exempt pursuit in this country; that he re-entered the United States in violation of section 7, Chinese Exclusion Act of September 13, 1888, being a Chinese laborer who failed to produce to the proper officer the return certificate required by said section; and that he has been found within the United States in violation of section 6, Chinese Exclusion Act of May 5, 1892, as amended by the act of November 3, 1893, being a Chinese laborer not in possession of a certificate of residence."

The order of deportation recites that the grounds stated in the warrant are the ones upon which the order is based, and that the order itself was issued under authority of section 21 of the Immigration Act approved February 20, 1907. The hearing was had before an inspector of the Department of Labor, and the order of deportation was issued by the Acting Secretary of Labor.

The Chinese Exclusion Law provides (Comp. St. 1913, § 4313) that Chinese persons or persons of Chinese descent found unlawfully within the United States may be arrested upon a complaint made as provided, upon a warrant issued, "by any justice, judge, or commissioner, of any United States court, returnable before such justice, judge or commissioner of a United States court," and a certified copy of the judgment rendered by such an authority shall be the process upon which the alien shall be removed from the United States.

In this state of the record and of the law the claim is made that this writ of habeas corpus should be sustained because the charge in the warrant for the arrest of the alien and the order for his deportation are based wholly upon a violation of the Chinese Exclusion Act, and therefore can lawfully be issued only by a justice, judge, or commissioner of the United States, whereas in this case the alien was

arrested upon a warrant issued by the Assistant Secretary of Labor, the hearing was had before an inspector of the Department of Labor, and the warrant of deportation was issued by the Acting Secretary of Labor, pursuant to the provisions of section 21 of the Immigration Act. Thus the question is one wholly of procedure.

It has been decided by the Supreme Court that the Immigration Act of February 20, 1907, under which the alien in this case was arrested, applies to Chinese persons as well as to other aliens, and the only question is whether that act applies to them when the ground of the proceeding is a violation of the Chinese Exclusion Act, as distinguished from the Immigration Act. Section 43 of the Immigration Act provides:

"That this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent"

—and it is claimed that to permit such a proceeding as was had in this case upon a warrant based upon violation of the Chinese Exclusion Act would amount to an amendment of that act to the extent of changing the procedure prescribed by it.

Any person acquainted with the history of our times cannot doubt that the proviso of section 43 of the act quoted above was not inserted for the purpose of giving a special form of trial or special privilege to Chinese immigrants, but for the express purpose of imposing upon such immigrants the obligations of the Immigration Act, and also of making sure that the additional obligations of the Chinese Exclusion Act would not be disturbed or affected.

The case of United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, seems to me decisive of this case. In that case certain Chinamen entered the United States surreptitiously in a manner prohibited by the Immigration Act of February 20, 1907, but the court says it transpired in the evidence that they were laborers, and for that reason the Circuit Court of Appeals held that they could be dealt with only under the Chinese Exclusion Act of earlier date. The conclusion of the Circuit Court of Appeals is declared to have been a mistaken one, and its decision is reversed; the Supreme Court saying that by the language of the act any alien that enters the country unlawfully may be summarily deported by order of the Secretary of Labor at any time within three years, and then continues:

"It seems to us unwarranted to except the Chinese from this liability because there is an earlier more cumbrous proceeding which this partially overlaps. The existence of the earlier law only indicates the special solicitude of the government to limit the entrance of Chinese. It is the very reverse of a reason for denying to the government a better remedy against them alone of all the world, now that one has been created in general terms. To allow the Immigration Act its literal effect does not repeal, alter, or amend the laws relating to the Chinese, as it is provided that it shall not in section 43."

In this case decided by the Supreme Court the aliens entered the country surreptitiously, not at a prescribed port of entry, and in the case at bar the alien entered at a proper port of entry, but by fraudulent representations. I cannot bring myself to think that the opinion of

the Supreme Court proceeds upon the narrow distinction which is pressed upon my attention in this case. No justice of that court uses language with more precision than does Justice Holmes, and there is no intimation that the fact is that, when the charge is based upon violation of the Chinese Exclusion Act, the remedy shall be different from what it is when it charges violation of the Immigration Act, if the proceeding is commenced within three years after the landing or entry into this country of the alien.

Precisely the same claim was made in the Supreme Court case as is made here—that Chinese immigrants are subject to the procedure prescribed in the Chinese Exclusion Act, and not to that prescribed by the Immigration Act; the only difference being that the ground of the claimed right to exclude the alien is found in the one case in the Immigration Act and in the other in the Chinese Exclusion Act. Discussing this question the Supreme Court uses the expression above quoted:

"It seems to us unwarranted to except the Chinese from this liability because there is an earlier more cumbrous proceeding which this partially overlaps."

Since this proceeding arose within three years of the time of the last arrival of the alien in this country, I conclude that it comes clearly within the provision of section 21 of the Immigration Act, that the proceedings had in the case were authorized by law, and that therefore the writ of habeas corpus must be dismissed.