### UNITED STATES ex rel. LEM HIM v. PRENTIS et al.

#### (District Court, N. D. Illinois, E. D. March 20, 1916.)

#### No. 32349.

ALIENS &#8667;32(2) — EXCLUSION OF CHINESE — NECESSITY FOR JUDICIAL PROCEEDINGS—STATUTES.

Under Act Cong. Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (Comp. St. 1913, § 4270), providing that in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of the act (the general immigration statute), or that an alien is subject to deportation under the provisions of the act or any law of the United States, he shall cause such alien, within three years after landing or entry, to be taken into custody and returned to the country whence he came, as provided by section 20 of the act (section 4269), and under section 43 (section 4289), providing that the act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons, or persons of Chinese descent, the Secretary of Commerce and labor may order the deportation of any alien who violates the provisions of the act of February 20, 1907, as amended, or of any law of the United States, except the Chinese Exclusion Law, which requires a formal proceeding in court before an order of deportation can be entered.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. &#8667;32(2).]

Habeas corpus by the United States, on the relation of Lem Him, against P. L. Prentis and another. Order directed discharging petitioner from custody.

Frank T. Milchrist, of Chicago, Ill., for petitioner.

Charles F. Clyne, Dist. Atty., Benjamin R. Epstein and Allan J. Carter, Asst. Dist. Attys., all of Chicago, Ill., for the United States.

CARPENTER, District Judge. The petition shows that on the 30th day of August, 1915, Lem Him was taken into custody by the immigration authorities of the United States at Chicago, Ill. It also appears that the petitioner was taken before a commissioner, and after a hearing ordered deported by the Secretary of Labor. The warrant of deportation recites:

"That he has been found within the United States in violation of section 6, Chinese Exclusion Act of May 5, 1892, as amended by the act of November 3, 1893, being a Chinese laborer not in possession of a certificate of residence,

and that he has been found within the United States in violation of section 2, Chinese Exclusion Act of November 3, 1893, having secured admission by fraud, not having been at time of entry a lawfully domiciled exempt returning to resume a lawfully acquired domicile and to follow an exempt pursuit in this country."

The petitioner claims that the Immigration Department had no authority to take him into custody on the charge that he was in this country in violation of the Chinese Exclusion Act; that the Judicial Department alone has authority to order his deportation. The question raised by this petition is not new. It has been passed upon adversely to the petitioner in Ex parte Lam Pui (D. C.) 217 Fed. 456; Ex parte Wong Lee Toon (D. C.) 227 Fed. 247; Ex parte Woo Shing (D. C.) 226 Fed. 141; and by the Court of Appeals for the Third Circuit in Sibray v. United States ex rel. Yee Yok Yee, 227 Fed. 15, —— C. C. A. ——. On the other hand, Ex parte Woo Jan (D. C.) 228 Fed. 927, holds a contrary view.

It is admitted that the Chinese Exclusion Act requires a formal proceeding in court before an order of deportation can be entered. The act of February 20, 1907, contains the following:

"Section 21. That in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came, as provided by Section 20 of this act." Comp. St. 1913, § 4270.

Section 43 (section 4289) provides that:

"This act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent."

It is urged by the government that the case of United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, is conclusive against the petitioner. In that case the Chinaman entered the United States surreptitiously in a manner prohibited by the act of February 20, 1907. Any alien entering in the same way would have been subject to deportation. It was claimed, however, that because the petitioner there was a Chinaman he could be deported only under the Chinese Exclusion Act. The court said:

"By the language of the act any alien that enters the country unlawfully may be summarily deported by order of the Secretary of Commerce and Labor at any time within three years. It seems to us unwarranted to except the Chinese from this liability because there is an earlier more cumbrous proceeding which this partially overlaps. The existence of the earlier laws only indicates the special solicitude of the government to limit the entrance of Chinese. It is the very reverse of a reason for denying to the government a better remedy against them alone of all the world, now that one has been created in general terms. To allow the Immigration Act its literal effect does not repeal, alter, or amend the laws relating to the Chinese, as it is provided that it shall not, in section 43."

It will be noted in the Wong You Case that the Chinaman there violated a general law applying to all aliens alike, and it was held that

the law applied to him, notwithstanding there was another law which applied to Chinamen in particular.

In the instant case the only delinquency of the Chinaman was a violation of the Chinese Exclusion Laws, and not of the alien law in general. So that, in my opinion, section 21 of the act of February 20, 1907, must mean that the Secretary of Commerce and Labor may order the deportation of an alien who violates the provisions of that act, or of any law of the United States, *except the Chinese Exclusion Law*, because section 43 expressly negatives the thought that the Chinese Exclusion Law has been repealed. It follows, therefore, that the petitioner could not be ordered deported without a judicial proceeding, as provided for in the Chinese Exclusion Act.

With due deference to the eminent authorities to the contrary, I agree with the learned opinion of Judge Cochran, announced in Ex parte Woo Jan, supra.

An order will be entered, therefore, discharging the petitioner from custody.