LO PONG v. DUNN, Immigration Inspector.*

(Circuit Court of Appeals, Eighth Circuit. July 10, 1916.)

No. 4569.

1. ALIENS ⚖═31, 32(13)—DEPORTATION OF CHINESE—CHINESE OTHER THAN LABORERS—FRAUDULENT PROCUREMENT OF CERTIFICATE.

The certificate on which a Chinese person was admitted as a student under Act May 6, 1882, c. 126, § 6, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 (Comp. St. 1913, § 4293), is prima facie evidence only of the facts therein stated, and neither such certificate nor the decision of the immigration officers admitting the alien preclude a subsequent inquiry as to his right to remain in the United States; and where fraud in procuring the certificate is charged,. the alien is subject to the action of the Secretary of Labor and his action is conclusive, if the proceedings and hearing were fair.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ⚖═31, 32(13).]

2. ALIENS ⚖═29—DEPORTATION OF CHINESE—CHINESE OTHER THAN LABORERS.

The prima facie case made by such certificate as to the status of the alien as a student may be overcome by the other facts in the case.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 91; Dec. Dig. ⚖═29.]

---

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 9, 1916.

Appeal from the District Court of the United States for the Eastern District of Missouri.

Habeas corpus by Lo Pong, alias Lo Bong, against James R. Dunn, Inspector in Charge, Immigration Service, Department of Labor. From a judgment dismissing the writ, petitioner appeals. Affirmed.

Byron F. Babbitt, Charles P. Johnson, and Eustace C. Wheeler, all of St. Louis, Mo., for appellant.

Benjamin L. White, Asst. U. S. Atty. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. [1] The appellant, Lo Pong, a Chinese person, was arrested by the respondent, an immigration inspector, under a warrant issued by the Secretary of Labor, charging him with being found in the United States in violation of section 6 of the Chinese Exclusion Act, as amended by Act July 5, 1884, c. 220, 23 Stat. 116, having secured admission on a fraudulently procured certificate. He was accorded a hearing and a transcript of the proceedings at the hearing was submitted to the Secretary of Labor, who ordered his deportation. Appellant then obtained a writ of habeas corpus, but, on final hearing, the writ was dismissed, and he prosecutes this appeal.

Before leaving China, appellant obtained a certificate of admission from the viceroy at Canton, viséed by the United States consul, certifying that he was a student, and therefore authorized to come within the United States under the provisions of section 6 of the Chinese Exclusion Act as amended by Act of July 5, 1884. He was admitted by the immigration officer at Vancouver, B. C., after an examination, and proceeded to San Francisco. At this examination, he stated his age as 18 years, that he had attended school in his native village and at a nearby city for 8 years, and that he intended to attend the Oriental public school at San Francisco, first studying English and then taking a course in mining engineering. He exhibited a bank draft for $500 and had $7 in gold. He remained in San Francisco for two months, but attended no school. He claimed to have received lessons at his dwelling room during this period, two or three times a week, from some woman whose name he had forgotten, who did not speak Chinese, and who taught him only as to the English alphabet. Appellant then proceeded to St. Louis, Mo., where he resided for about 2 years and 10 months before the institution of this action. During this time he has attended no school, and claims that he has had no occupation or employment, has earned no money, and has expended that which he brought with him. He claims that he has suffered from a cough and pain in the back for the last two years, and that this disables him from attending school. His examination discloses a number of contradictory statements as to facts within his knowledge, such as his age, his receiving money from China, and his mother's name.

By section 1 of the Act of Congress of April 29, 1902, c. 641, 32 Stat. 176, as amended by section 5 of the Act of April 27, 1904, c. 1630, 33 Stat. 428 (Comp. St. 1913, § 4337), all laws in force on April 29, 1902, regulating, suspending, or prohibiting the coming of Chinese persons into the United States, and the residence of such persons therein, were re-enacted without modification. By section 6 of the Act of Congress of May 6, 1882, c. 126 (22 Stat. 60), as amended by Act July 5, 1884, c. 220 (23 Stat. 116), every Chinese person, other than a laborer, entitled to come to the United States, must obtain the permission of the Chinese government and be identified as so entitled, evidenced by a certificate, viséed by the proper diplomatic or consular representative of the United States. Such certificate is prima facie evidence of the facts set forth therein, but may be controverted and the facts therein stated disproved by the United States authorities. Under this statute, the decision of the appropriate immigration officers admitting the alien did not conclude an inquiry as to his right to remain within the United States. Li Sing v. United States, 180 U. S. 486, 490, 21 Sup. Ct. 449, 45 L. Ed. 634; United States v. Pin Kwan, 100 Fed. 609, 611, 40 C. C. A. 618; United States v. Lau Sun Ho (D. C.) 85 Fed. 422, 423.

By section 20 of the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 904 (Comp. St. 1913, § 4269), as amended by the Act of March 4, 1913, c. 141, 37 Stat. 736, "any alien who shall enter the United States in violation of law, and such as become public charges from causes existing prior to landing, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported to the country whence he came at any time within three years after the date of his entry to the United States." The warrant and order of deportation charged appellant with being found in the United States in violation of section 6 of the Chinese Exclusion Act, as amended by Act July 5, 1884, having secured admission on a fraudulently procured certificate. The gravamen of this charge was a fraudulent entry into the United States, and hence appellant, though a Chinese person, was subject to the action of the Secretary of Labor. United States v. Wong You, 223 U. S. 67, 69, 32 Sup. Ct. 195, 56 L. Ed. 354; Williams v. United States, 186 Fed. 479, 480, 108 C. C. A. 457; Ex parte Greaves (D. C.) 222 Fed. 157, 158.

[2] It is not disputed that the action of the Secretary was conclusive if the proceedings were fair (Zakonaite v. Wolf, 226 U. S. 272, 274, 33 Sup. Ct. 31, 57 L. Ed. 218; Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 Sup. Ct. 734, 56 L. Ed. 1165; Tang Tun v. Edsell, 223 U. S. 673, 675, 32 Sup. Ct. 359, 56 L. Ed. 606; Chin Yow v. United States, 208 U. S. 8, 11, 28 Sup. Ct. 201, 52 L. Ed. 369; United States v. Ju Toy, 198 U. S. 253, 261, 25 Sup. Ct. 644, 49 L. Ed. 1040; United States ex rel. Haum Pon v. Sisson, 230 Fed. 974, 975, —— C. C. A. ——); but appellant contends that the order of deportation is not supported by any substantial evidence and therefore he is entitled to be discharged. As the evidence shows that appellant has been in the United States for three years, has not attempted other work as a student than his efforts to master the English alpha-

bet during the first two months of his residence here, and the reasons for abstention from further study seem vague and unsatisfactory, and his credibility is weakened by the contradictions in his testimony, the Secretary of Labor might well draw the inference that he procured his certificate of admission fraudulently and not intending to be a student. The prima facie evidence of his certificate as a student may be overcome by the other facts in the case. United States v. Yong Yew (D. C.) 83 Fed. 832; United States v. Ng Park Tan (D. C.) 86 Fed. 605; United States v. Foo Duck, 172 Fed. 856, 858, 97 C. C. A. 204.

The judgment of the District Court is affirmed.