### LEE WONG HIN v. MAYO, Immigration Com'r.

(Circuit Court of Appeals, Fifth Circuit. March 10, 1917.)

#### No. 3017.

ALIENS ⬤⟹32(1)—DEPORTATION OF CHINESE—PROCEEDINGS—STATUTES.

Chinese Exclusion Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 479 (Comp. St. 1913, § 4313), provides that any Chinese person found unlawfully in the United States may be arrested on warrant issued on complaint by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of the United States court, or before any such court, and when convicted upon a hearing, and found not entitled to remain in the United States, he shall be removed, but, if convicted before a commissioner, he may appeal to a judge of the District Court. Immigration Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904 (Comp. St. 1913, §§ 4269, 4270), provide for the deportation of aliens, who have violated any of the provisions of the Immigration Act, upon warrant issued by the Secretary of Labor, without a right to a judicial determination of his status, unless the Secretary acted beyond his legal authority or without evidence, and provide that the procedure shall be applicable to any alien subject to deportation under the provisions of that act, or of any law of the United States. Section 43 of the same act (Comp. St. 1913, § 4289) provides that nothing therein shall be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons. *Held* that, even though the Chinese Exclusion Act is the only "other law of the United States" to which the Immigation Act could refer, a construction of that act as permitting the deportation of a Chinese person after an administrative hearing only would be a repeal and alteration of the provisions of the Chinese Exclusion Act for a judicial hearing contrary to section 43 of the Immigration Act, and therefore a Chinese person unlawfully within the United States under the Exclusion Act, but who has committed no offense under the Immigration Act, cannot be deported on the warrant issued by the Secretary of Labor.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Application by Lee Wong Hin against John P. Mayo, Commissioner of Immigration, Port of New Orleans, for a writ of habeas corpus. From an order of the District Court dismissing the petition, petitioner appeals. Reversed and remanded, with directions.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La., and C. A. Miranne, for appellant.

Jos. W. Montgomery, Asst. U. S. Atty., of New Orleans, La., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from an order of the District Court of the United States for the Eastern District of Louisiana, dismissing the petition of the appellant, as relator, for a writ of habeas corpus. The appeal presents a single question of law. The appellant was arrested under a warrant issued by the Secretary of Labor, and was ordered by the Assistant Secretary of Labor, after a hearing, to be returned to the country from whence he came to this country at the expense of the steamship company importing him. The warrant of arrest and that of deportation charged the appellant with having been "found within the United States in violation of section 2, Chinese Exclusion Act of November 3, 1893 [28 Stat. 8, c. 14 (Comp. St. 1913, § 4324)], having secured admission by fraud, not having been at time of entry a lawfully domiciled exempt, returning to resume a lawfully acquired domicile and to follow an exempt pursuit in this country." He was not charged with any offense under the Immigration Act of February 20, 1907. The appellant insists that, the only offense for which he is being detained being one under the Chinese Exclusion Act, by the terms of which he was entitled to a judicial hearing to determine whether or not he was found unlawfully in the United States, he cannot be held under the warrant of deportation issued by the Secretary of Labor under the Immigration Act of February 20, 1907, and by that means denied a judicial hearing.

It is settled that the Immigration Act of February 20, 1907, makes no exception from the classes of undesirable aliens covered by it of Chinese persons, and that persons of whatever race, who enter this country in violation of its provisions, subject themselves to deportation by the method provided for in sections 20 and 21 of the act, after an administrative hearing only. United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354. The question presented in this case is a different one. The appellant is charged with no violation of the Immigration Act, as was Wong You in the case cited. He is charged with a violation of the Chinese Exclusion Act only, and the government's contention is that the plain language of section 21 of the Immigration Act makes the procedure provided for in that act applicable to any alien "subject to deportation under the provisions of this act or *of any law of the United States*," and that the appellant, being subject to deportation under the Chinese Exclusion Act, which is a law

240 F.—24

of the United States, may therefore be deported under the procedure provided in the Immigration Act. Section 43 of the Immigration Act is as follows:

"That the act of March third, nineteen hundred and three, being an act to regulate the immigration of aliens into the United States, except section thirty-four thereof, and the act of March twenty-second, nineteen hundred and four, being an act to extend the exemption from head tax to citizens of Newfoundland entering the United States, and all acts and parts of acts inconsistent with this act are hereby repealed: Provided, that this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent, nor to repeal, alter, or amend section six, chapter four hundred and fifty three, third session Fifty-Eighth Congress, approved February sixth, nineteen hundred and five, or, prior to January first, nineteen hundred and nine, section one of the act approved August second, eighteen hundred and eighty two, entitled "An act to regulate the carriage of passengers by sea."

This section prohibits a construction of the Immigration Act that would have the effect of repealing, altering, or amending existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent. Section 21 of the act ought, therefore, not to be given a construction that would operate to repeal, alter, or amend any part of the Chinese Exclusion Laws, in force when the Immigration Act was enacted. It is said that the purpose of the proviso to section 43 was to prevent Chinese aliens from obtaining admission into the United States, under the Immigration Law, where they would have been excluded under the Exclusion Acts. Whatever may have been the motive for the insertion of the proviso, its language must be given its natural effect, which is to prohibit a construction that would operate as a repeal, alteration, or amendment of the Chinese Exclusion Act in any material respect whatsoever. The question, then, is whether the making of the deportation procedure, provided in sections 20 and 21 of the Immigration Act, applicable to persons whose only offense was a violation of the Chinese Exclusion Act, would work a repeal, alteration, or amendment of that act, or any material part of it.

To determine this question, it will be helpful to consider what were the rights of the Chinese person under the Chinese Exclusion Act, and what they will be if section 21 of the Immigration Act is construed as contended for by the government. The Chinese Exclusion Act of September 13, 1888 (section 13), provides:

"That any Chinese person, or person of Chinese descent, found unlawfully in the United States, or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the District Court for the district."

Under it the Chinese person is entitled to a judicial hearing to determine his status, either before a justice, judge or commissioner, or before a United States court, and is entitled, if convicted before a

commissioner, to an appeal to the District Judge, and from the order of the District Court is entitled to an appeal to the Circuit Court of Appeals. Under the Immigration Act (sections 20 and 21) the alien is entitled only to an executive hearing and investigation, and deportation may follow such executive hearing. Unless the Secretary of Labor acts beyond his legal authority, or without evidence, the alien has no right to a judicial determination of his status, under the Immigration Act.

If sections 20 and 21 of the Immigration Act be construed to provide a method of deportation available to the government as against violators of the Chinese Exclusion Act alone, then such persons are, by such a construction of the Immigration Act, deprived of the right to a judicial hearing to determine their right to remain in this country, which they theretofore had under the Chinese Exclusion Act. That such a construction would accomplish an alteration or amendment of the Chinese Exclusion Act in a material respect is obvious. It would, at the option of the government, make the Chinese person's right to stay in this country depend upon an executive determination of his status, instead of upon the result of the judicial inquiry accorded to him by the Exclusion Act. That this was a valuable right to the Chinese person goes without saying. The effect of such a construction, so far as concerns the government, may be, as contended by it, merely to provide a cumulative, distinct, and independent remedy to that provided by the Exclusion Act. From the point of view of the Chinese person, however, the effect of the construction would be to deny him, at the option of the government, his remedy under the Exclusion Act of a judicial inquiry into his right to remain in this country, and to substitute therefor a mere executive determination by the department.

We think to adopt such a construction would be to ignore the direction of section 43 of the Immigration Act that "this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons, or persons of Chinese descent." Refusing to adopt the construction contended for by the government, it may be difficult to find a field of operation for the words "or any law of the United States," found in section 21 of the Immigration Act, unless they be held to relate to future legislation. In any event, they should not be given a function as referring to the Exclusion Act, when the doing so brings the court in direct conflict with the proviso of section 43. The effect of the proviso of section 43 is to except from the operation of the general words of the preceding section 21, "or any law of the United States," the Chinese Exclusion Act.

This was the holding of District Judge Carpenter in the case of United States ex rel. Lem Him v. Prentis et al. (D. C.) 230 Fed. 935, affirmed by the Circuit Court of Appeals for the Seventh Circuit at its October term, 1916, January session, 1917 (unreported), and of District Judge Cochran, in the case of Ex parte Woo Jan (D. C.) 228 Fed. 927, still pending on appeal in the Sixth Circuit. The following cases are to the contrary: Ex parte Lam Pui (D. C.) 217 Fed.

457; Sibray v. United States, 227 Fed. 1, 141 C. C. A. 555; and Ex parte Woo Shing (D. C.) 226 Fed. 141. But in each the case of United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354, was held to be controlling, and we think it only so where the alien is held under a warrant charging a violation of some provision of the immigration act, which was the case in the Wong You Case, but is not so in this case.

This conclusion leads to a reversal of the order of the District Court, dismissing appellant's petition for a writ of habeas corpus, and a remand of the case to the District Court, with directions to entertain the petition and grant the writ, unless the United States, within such time as the District Judge deems reasonable, institute proceedings against the relator under the provisions of the Chinese Exclusion Act.

And it further appearing from the record that there is a stipulation between counsel for the parties that whatever judgment shall be rendered in the case of Lee Wong Hin, now decided, shall also be rendered in the cases of Lee Soon v. John P. Mayo, Commissioner of Immigration at Port of New Orleans, No. 2982, and Lee Bing Shou v. John P. Mayo, Commissioner of Immigration at Port of New Orleans, No. 2983, now pending in this court, a judgment of reversal shall accordingly be entered in each of said cases.