### YEE LING et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   April 10, 1917.)

No. 222.

1. ALIENS ☞21—DEPORTATION OF CHINESE—EXCLUSIVENESS OF CHINESE EXCLUSION ACT.

Immigration Act Feb. 20, 1907, c. 1134, §§ 20, 21, 34 Stat. 904 (Comp. St. 1916, §§ 4269, 4270), providing that any alien who shall enter the United States in violation of law shall, upon the warrant of the Secretary of Labor, be taken into custody and deported to the country whence he came at any time within three years after his entry, and that in case the Secretary of Labor shall be satisfied that an alien has been found in the United States in violation of that act, or is subject to deportation under that act, or any law of the United States, he shall cause such alien within three years to be taken into custody and returned to the country whence he came, authorized the deportation of Chinese laborers found in the country in violation of the Immigration Act.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 74.]

2. ALIENS ☞32(10)—DEPORTATION OF CHINESE—COUNTRY TO WHICH PARTY SHOULD BE DEPORTED.

Under Immigration Act, §§ 20, 21, persons of Chinese birth, coming to this country from Canada, should be deported to Canada, where there is no evidence that they came to this country from China.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 92.]

Hough, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Western District of New York.

Habeas corpus by Yee Ling and another. From an order (225 Fed. 335) dismissing the writ, petitioners appeal. Reversed, and relators ordered returned to Canada.

This is an appeal from an order of the United States District Court for the Western District of New York dismissing a writ of habeas corpus issued on the application of the appellants alleging that they were unlawfully held under restraint by the immigration inspector in charge at the port of Buffalo, N. Y., for the alleged reason that they are Chinese persons and aliens not lawfully entitled to be in the United States. The District Judge found that the appellants were in this country in violation of section 21 of the Immigration Act and that the

Acting Secretary of Labor was not prevented from invoking the provisions of the Immigration Act because the warrant charged a violation of the Chinese Exclusion Act (Act May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1916, §§ 4315–4323]).

Dilworth M. Silver, of Buffalo, N. Y., for appellants.
Stephen T. Lockwood, U. S. Atty., of Buffalo, N. Y.

Before COXE, WARD, and HOUGH, Circuit Judges.

COXE, Circuit Judge. Judge Hazel found the following facts: First: That the petitioners are Chinese laborers. Second: That they were accorded a fair hearing by the immigration inspector. Third: That the warrant of deportation was regular and in proper form.

He found as conclusions of law: First: That the petitioners were accused of being unlawfully in the United States in violation of sections 6 and 7 of the Chinese Exclusion Act (Comp. St. 1916, §§ 4320, 4321) and not of the Immigration Act, but that this statement in the warrant did not vitiate the proceedings. Second: That the Acting Secretary of Labor had full power and authority under section 21 of the Immigration Act to determine the right of the petitioners to remain in this country.

[1] The questions of law involved in the present appeal were set at rest by the Supreme Court in United States v. Wong You, 223 U. S. 67, 32 Sup. Ct. 195, 56 L. Ed. 354. Mr. Justice Holmes, who delivered the opinion of the court, says:

"By the language of the act any alien that enters the country unlawfully may be summarily deported by order of the Secretary of Commerce and Labor at any time within three years. It seems to us unwarranted to except the Chinese from this liability because there is an earlier more cumbrous proceeding which this partially overlaps. The existence of the earlier laws only indicates the special solicitude of the government to limit the entrance of Chinese."

[2] We think, therefore, that there can be no doubt that the Immigration Act is applicable to the present case. It provides as plainly as possible that the alien, pursuant to the provisions of the act shall be deported to the country whence he came. Act Feb. 20, 1907, 34 Stat. at Large, § 20, p. 904.

Section 21 provides that the alien "shall be taken into custody and returned to the country whence he came." Nothing can be plainer than the twice asserted provision that the alien shall be sent back to the country "whence he came." There is not a particle of direct evidence that these parties came from China, there is evidence that they came to this country from Canada. We have recently had occasion to consider this question in U. S. v. Sisson, 206 Fed. 450, 124 C. C. A. 356; and U. S. ex rel. Haum Pon v. Sisson, 230 Fed. 974, 145 C. C. A. 168, and reached the conclusion that the country from which the Chinese person comes is the country from which he comes to this country. The fact that he was born in China does not make China the country from which he came to the United States. He may have lived for years in Canada, Mexico, Cuba or any of the South American republics, in which event he should be sent back to the country from which he came, which does not necessarily mean China and may mean any country in the world from which he came to the United States.

The order dismissing the writ should be reversed and the relators ordered to be returned to Canada.

HOUGH, Circuit Judge (dissenting). It seems to me that the reasonable inference, from testimony meager in volume, and much of it palpably false, is that the relator came to Canada from China, intending to enter the United States, promptly did enter, and was arrested before he had time to leave the frontier; i. e., Buffalo. This brings the matter within Ung Bak Foon v. Prentis, 227 Fed. 406, 142 C. C. A. 102, and Lewis v. Frick, 233 U. S. at 303, 34 Sup. Ct. 488, 58 L. Ed. 967.

The difficulty of reaching any conclusion on such testimony is, however, recognized; and the opinion of the court holds, in effect, that unless the United States can affirmatively prove that relator arrived in this country from China, without tarrying for any substantial time in any other foreign land, he must go back to the country from which he is known to have most recently departed. This is too rigid. Hearings under the Immigration Acts do not require even sworn testimony (Lee Sim v. United States, 218 Fed. 432, 132 C. C. A. 232); they are not trials, nor governed by ordinary trial rules (Siniscalchi v. Thomas, 195 Fed. 701, 115 C. C. A. 501); a fair and unbiased investigation is all that is necessary. In habeas corpus the proceedings are summary by statute (Rev. Stat. § 761 [Comp. St. 1916, § 1289]). In my opinion findings may in such matters be properly based on evidence (even negative) which would not support a verdict at law. This is the method which should be used here, and I think it results in the holding first above suggested.

The previous decisions of this court (since Lewis v. Frick, supra) show that, where it appeared that the Chinaman had remained some considerable time in Canada, he was ordered back there (Hen Lee v. Sisson, 232 Fed. 599, 146 C. C. A. 557), where nothing was known of him, except that he had crossed the boundary from Canada, the same result was reached (Haum Pon v. Sisson, 230 Fed. 974, 145 C. C. A. 168); but where it was shown that he had traveled across Canada, tarrying at way stations less than two weeks, he was remanded to China (Lee Sim v. United States, supra). Distinctions such as these leave each case for decision on narrow differences of fact.

I think this case falls under the Lee Sim category, and cannot therefore agree with the majority.