UNITED STATES et al. v. WOO JAN.

(Circuit Court of Appeals, Sixth Circuit. July 6, 1917.)

No. 3025.

COURTS ⬤ 384—UNITED STATES SUPREME COURT—JURISDICTION—CERTIFICATION OF QUESTIONS.

Where the decisions of several of the Circuit Courts of Appeals concerning the right of the Secretary of Labor to deport Chinese persons on the ground that they were found in the United States in violation of the Chinese Exclusion Act are conflicting, and the question has not been presented to the Supreme Court, the matter is one which another Circuit Court of Appeals may properly certify to the Supreme Court for instructions.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Petition by Woo Jan for writ of habeas corpus. From an order (228 Fed. 927) granting the writ, the United States and another appeal. Questions certified to the Supreme Court of the United States.

For opinion of Supreme Court, see 245 U. S. 552, 38 Sup. Ct. 207, 62 L. Ed. ——.

Thomas D. Slattery, U. S. Atty., of Covington, Ky., for appellants. Elwood G. Godman, of Chicago, Ill., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. In the case of Woo Shing v. Fluckey (No. 2882) 250 Fed. 598, —— C. C. A. ——, Judge Clarke (now Mr. Justice Clarke) decided, in the court below, that the Secretary of Labor had jurisdiction to deport a Chinaman on the ground alleged against Woo Shing. (D. C.) 226 Fed. 141. Shortly thereafter, Judge Cochran, in a District Court of Kentucky, held, in an elaborate opinion (Woo Jan v. United States [D. C.] 228 Fed. 927), that such jurisdiction was vested exclusively in the courts. When the Woo Shing Case came on for argument, it was learned that the Woo Jan Case was in the course of appeal to this court, and, accordingly, we withheld decision in the former until the latter case should be argued. This argument has now been presented.

The question has been involved and decided, in the same way as it was by Judge Clarke, by the Circuit Courts of Appeals for the Eighth Circuit (Lo Pong v. Dunn, 235 Fed. 510, 149 C. C. A. 56), and for the Third Circuit (Sibray v. United States, 227 Fed. 1, 141 C. C. A. 555). In both cases, certiorari was refused (242 U. S. 644, 37 Sup. Ct. 214, 61 L. Ed. 543; 241 U. S. 657, 36 Sup. Ct. 286, 60 L. Ed. 1225); but the briefs filed in the Supreme Court show that in neither case was this question presented to that court. On the other hand, Judge Cochran's opinion has been approved and followed by the Circuit Courts of Appeals for the Seventh Circuit (United States v. Lem Him, 239 Fed. 1023, 152 C. C. A. 661), and for the Fifth Circuit (Lee Wong Hin v. Mayo, 240 Fed. 368, 153 C. C. A. 294). The matter seems to us proper for certification.

In the Woo Shing Case, the petition for habeas corpus was not filed until the order of deportation had been made, while in the Woo Jan Case the petition therefor was filed as soon as Woo Jan was taken upon the warrant of arrest; but we do not see that this makes any difference. In order that the expense of taking up two cases may be avoided, we have decided to certify the Woo Jan Case and to hold the Woo Shing Case upon our calendar. Counsel in the Woo Shing Case will be notified, and we assume that they will be allowed to participate in the hearing in the Supreme Court as if their case also had been certified. Accordingly, we make the following findings of fact and request for instructions:

Woo Jan filed, in the District Court for the Eastern District of Kentucky, his petition for habeas corpus. He set up therein that he was in the custody of the immigrant inspector by virtue of a warrant issued by the Secretary of Labor, which warrant was as follows:

"To J. A. Fluckey, Inspector in Charge, Cleveland, Ohio, or to Any Immigrant Inspector in the Service of the United States:

"Whereas, from evidence submitted to me, it appears that the alien, Woo Mon, alias Woo Jan, who landed at the port of San Francisco, Cal., ex SS Nippon-Maru, on the 2d day of May, 1913, has been found in the United States

in violation of the act of Congress approved February 20, 1907, amended by the act approved March 26, 1910, for the following, among other reasons:

"That the said alien is unlawfully within the United States, in that he has been found therein in violation of the Chinese exclusion laws, and is, therefore, subject to deportation under the provision of section 21 of the above-mentioned act.

"I, J. B. Densmore, Acting Secretary of Labor, by virtue of the power and authority vested in me by the laws of the United States, do hereby command you to take into custody the said alien and grant him a hearing to enable him to show cause why he should not be deported in conformity with the law. ⁕ ⁕ ⁕

"Witness my hand and seal this first day of April, 1914.

"[Signed]    J. B. Densmore, Secretary of Labor."

Woo Jan's petition further alleged that he was 57 years old, was born in China, and since 1877 had been a resident of, and a domiciled merchant in, the United States; that during this time he had done no manual labor, excepting what was incidental to his business as a merchant; that in 1894, he was registered as a merchant by the collector of internal revenue, at Lexington, Ky., and given a registration certificate, which he still has; that for many years he has been a resident of Ashland, Ky.; that during the period of his residence in the United States he has returned to China upon three occasions, and each time his status as a resident merchant has been investigated by the United States authorities and established; that January 29, 1912, he made an application at San Francisco for a preinvestigation of his status as a lawfully domiciled merchant preparatory for departing to China upon a temporary visit; that on February 28, 1912, the Chinese inspector, upon an investigation, found that Woo Jan was a merchant, as he claimed, and recommended favorably, and that thereupon there was issued to him a returning merchant's certificate for his use according to law on re-entering; that he departed for China in March, 1912, and remained there upon a temporary visit until he returned to the United States upon the 2d day of May, 1913, upon which latter date he and his wife were admitted by the immigration and customs officers at San Francisco; and that since this date he has been continually engaged in the prosecution of his business as a resident merchant in the United States. He further set up that the provisions of the Immigration Act of February, 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898), have no application to his case, and that the proceedings had thereunder, with a view to deporting him, were without authority of law and void, for the reason, among others, that the so-called warrant of arrest sets forth no basis for the proceedings against him, except that he is unlawfully in the United States, in that "he has been found there in violation of the Chinese exclusion laws." The petition then expressly alleged that section 43 of the Immigration Act (Comp. St. 1916, § 4289) had the effect to continue in full force those provisions of the Chinese Exclusion Act which gave jurisdiction for deportation only to the United States commissioner, and which gave to the Chinaman the right of appeal to the United States District Court.

The petitioner thereupon summarized his position as follows:

"Your petitioner shows unto your honor that there is no authority of law for the issuance of the said warrant, Exhibit A, in that it affirmatively appears that the entry of your petitioner into the United States was a lawful entry and approved by the immigration officers at the port of entry, and that it is not charged in said warrant that your petitioner is in the United States in violation of any of the provisions of the Immigration Act, but that he is in the United States only in violation of the Chinese Exclusion Act, and your petitioner alleges that whether or not he is deportable under the provisions of the Chinese Exclusion Act cannot lawfully be determined by immigration officials in a deportation proceeding after an acknowledged legal entry into the United States, but that such deportation proceeding, if any, must be instituted and proceeded with as provided by the Chinese Exclusion Act; that is, upon a sworn complaint before a United States Commissioner or District Judge."

Upon this petition, a writ was issued, and, when the matter came on to be heard, the United States district attorney filed a general demurrer to the petition. The District Judge overruled the demurrer; the United States declined to answer the petition or plead further; and it was thereupon ordered that Woo Jan be discharged. The United States immigrant inspector joined in this appeal.

Upon these facts, we desire the instruction of the Supreme Court for our proper decision of the following questions of law arising thereon (a, in the abstract; b, concretely):

(a) Has the Secretary of Labor, acting within three years from the last entry, jurisdiction to arrest and deport a Chinese alien, upon the sole ground that he is found in this country in violation of the Chinese Exclusion Act?

(b) Are the facts stated in Woo Jan's petition and admitted by demurrer inconsistent with any jurisdiction in the Department of Labor to cause his arrest and deportation?